COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-039-CR
 
BRETT LYNN MASSEY                                                        
   APPELLANT
V.
THE STATE OF TEXAS                                                        
   STATE
------------
FROM THE 355
TH DISTRICT COURT OF HOOD
COUNTY
------------
MEMORANDUM OPINION(1)
------------
       
Appellant pled guilty to aggravated sexual assault in 1992, and punishment was
set at life due to two prior convictions. As a part of the investigation into
the 1992 case, the State took four specimens of possible DNA. The State tested
the DNA utilizing the RFLP method, and the results showed that Appellant was a
probable match. The victim of the sexual assault also picked Appellant out of a
photograph lineup. Appellant has now moved for further DNA testing claiming that
identity was an issue in the prior trial, and new DNA testing would finalize the
issue. The trial court heard oral arguments and then ruled that no evidence
existed to show that the new testing is more accurate than the old testing, and
the court found that identity was not at issue in this case. Appellant appeals
the trial court's judgment denying his request for a post conviction DNA test,
raising five points.
IDENTITY
        In
Appellant's third and fourth points, he attacks the trial court's finding that
identity was not an issue. In Appellant's third point, he claims that the trial
court abused its discretion in finding that identity was not an issue in this
case. In Appellant's fourth point, he argues that there was insufficient
evidence to support the trial court's finding that identity was not an issue in
this case. We will review these two points first because they may prove
decisive.
        In
this case, we review the trial court's decision under a bifurcated standard of
review: "we afford almost total deference to the trial court's
determination of issues of historical fact and application-of-law-to-fact issues
that turn on credibility and demeanor, while we review de novo other
application-of-law-to-fact issues." Rivera v. State,
89 S.W.3d 55, 59 (Tex. Crim. App. 2002). Article 64.03 permits a trial court to
order DNA testing only if the court finds that identity was or is an issue in
the case. See Tex. Code Crim. Proc. Ann. art.
64.03(a)(1)(B) (Vernon Supp. 2003).
       
Appellant argues that identity is an issue in all criminal cases under article
64.03 of the code of criminal procedure. The court of criminal appeals has
recently held that this is not the case. See Bell v. State,
90 S.W.3d 301, 308 (Tex. Crim. App. 2002). In Bell, the
court looked at the issue of whether identity was at issue in light of an
ineffective assistance claim. The court ruled that identity was not at issue
because Bell confessed to the murder. The court maintained this ruling despite
Bell arguing in the article 64.03 hearing that a third party may have been
present at the crime scene and that DNA testing would help to prove this. Id.
The court held that a convicted felon could not show identity was an issue by
arguing that future DNA testing might raise the issue. Id.
       
Appellant attempted to show that identity was a factor in this case by pointing
us to the fact that the prosecution ordered DNA testing of semen samples taken
from the victim. Appellant claims that the prosecutor's actions show that the
victim's identification was questionable. We disagree.
       
The evidence at the hearing showed that the victim made a positive
identification of Appellant in a photograph lineup. The victim neither hesitated
nor wavered at identifying Appellant. There was no evidence to show that the
prosecution was concerned about the validity of the victim's identification.
       
Further, the DNA test performed in the present case showed that among the
Caucasian population there was a one in a hundred and thirty-one millionth of a
chance that Appellant was not the original source of the DNA sample. Appellant
does not claim that the prior DNA test was inaccurate. His only claim is that a
new DNA test might exclude him from the possible group of DNA donors. The State
introduced testimony from an expert in DNA at the hearing. That expert testified
that the first DNA test conclusively established Appellant's identity, and that
further DNA testing would not provide any different results than were obtained
with the RFLP testing. We hold that no evidence exists showing that identity
ever was or is a contested issue.
       
Finally, Appellant claimed that despite pleading guilty at trial, he did not
commit the crime, and he states that the new DNA test might show that someone
else raped the victim in this case. The court of criminal appeals has held that
this argument is insufficient to prove identity was at issue. See
id. ("[c]hapter 64 requires that identity 'was or is' an issue, not
that future DNA testing could raise the issue").
       
After reviewing the record, we hold that the trial court did not abuse its
discretion in finding that identity was not an issue in this case. See
Rivera, 89 S.W.3d at 59. We overrule Appellant's third and fourth points.
CONCLUSION
       
Because Appellant failed to show that identity was or is an issue in the case,
he did not qualify under article 64 for post conviction DNA testing. Because
identity was not at issue at anytime in Appellant's case, he cannot obtain
relief under article 64. We, therefore, do not need to reach Appellant's other
points on appeal. We affirm the trial court's judgment.
 
                                                                      
SAM J. DAY
                                                                      
JUSTICE
 
PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 22, 2003

1. See Tex. R. App. P. 47.4.